SHARTSIS FRIESE LLP
ROBERT E. SCHABERG (Bar #81430)
SIMONE M. KATZ (Bar #246490)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA  94111
Telephone:  (415) 421-6500
Facsimile:  (415) 421-2922
Email:  rschaberg@sflaw.com; skatz@sflaw.com

Attorneys for Defendants
CorMatrix Cardiovascular, Inc., Robert G. Matheny,
David B. Camp, and Beecher Lewis

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DUKE ADVANTAGE, LLC, a company,<br><br>              Plaintiff,<br><br>v.<br><br>CORMATRIX CARDIOVASCULAR, INC., a corporation, ROBERT G. MATHENY, an individual, DAVID B. CAMP, an individual, and BEECHER LEWIS, an individual,<br><br>              Defendants. | Case No.  C072950 RMW<br>Santa Clara Superior<br>Court Case No. 107 CV085326<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR IMPROPER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Pursuant to F.R.C.P. 12(b)(3)]**<br><br>**Date:**          **August 3, 2007**<br>**Time:**          **9:00 a.m.**<br>**Courtroom:**  **6**<br>**Judge:**        **Hon. Ronald M. Whyte** |

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3  I.    INTRODUCTION ........................................................................................................ 1

4  II.   STATEMENT OF FACTS .......................................................................................... 1

5        A.   The Parties ........................................................................................................ 1

6        B.   The Subscription Agreement ........................................................................... 2

7        C.   The Complaint ................................................................................................. 3

        D.   Related Proceedings ........................................................................................ 4

8  III.  THIS CASE SHOULD BE DISMISSED FOR IMPROPER VENUE PURSUANT
       TO RULE 12(B)(3) ..................................................................................................... 6

9        A.   Legal Standard ................................................................................................. 6

10       B.   Venue is Improper in California Based on the Mandatory Forum Selection
            Clause in the Subscription Agreement ............................................................ 6

11            1.    The forum selection clause is mandatory ............................................... 6

12            2.    The forum selection clause is presumptively valid ................................ 7

13            3.    The Subscription Agreement applies to the Individual Defendants ........... 7

              4.    The forum selection clause applies to both contract and tort claims ......... 8

14 IV.   CONCLUSION ............................................................................................................ 9

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

<u>Page</u>

4

*Argueta v. Banco Mexicano, S.A.*,
    87 F.3d 320 (9th Cir. 1996)............................................................................................... 6, 7

5

*Docksider, Ltd. v. Sea Technology, Ltd.*,
    875 F.2d 762 (9th Cir. 1989).............................................................................................. 7

6

7

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
    858 F.2d 509 (9th Cir. 1988)........................................................................................... 6, 8

8

*Murphy v. Schneider National, Inc.*,
    362 F.3d 1133 (9th Cir. 2004)............................................................................................. 6

9

10

**FEDERAL STATUTES**

11

Federal Rule of Civil Procedure 12(b)(3) ........................................................................... 1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Shartsis Friese LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.
C072950 RMW

NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

## NOTICE OF MOTION

2    TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that on Friday, August 3, 2007 at 9:00 a.m., or as soon

4    thereafter as the matter may be heard before the Honorable Ronald M. Whyte, Courtroom 6, in

5    the United States District Courthouse located at 280 South 1st Street, San Jose, California,

6    Defendants CorMatrix Cardiovascular, Inc., Robert G. Matheny, David B. Camp and Beecher

7    Lewis will, and hereby do, move to dismiss this action pursuant to Federal Rule of Civil

8    Procedure 12(b)(3) ("Rule 12(b)(3)") for improper venue.

9    This motion is based upon this Notice of Motion, the supporting Memorandum of Points

10    and Authorities submitted herewith, the supporting Declarations of David B. Camp and John

11    Thomas submitted concurrently herewith, the pleadings and records on file in this action, all other

12    matters of which the Court may take judicial notice, and such further argument and evidence as

13    may be presented at the hearing on this motion.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.
C072950 RMW

NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3

4

5

6

7

8

9

10

11

This district is not the proper venue to hear this case.  Based on a valid and enforceable forum selection clause in a subscription agreement entered into by Duke Advantage, LLC ("Plaintiff") and CorMatrix Cardiovascular, Inc. ("CorMatrix") on February 9, 2004 (the "Subscription Agreement"), Plaintiff may only bring a claim arising out of or relating to the Subscription Agreement and any action against CorMatrix in Georgia State Court or Delaware Federal Court.  Because Plaintiff failed to abide by the clear terms of the forum selection clause, this action should be dismissed under Rule 12(b)(3) as to all defendants, including CorMatrix, Robert G. Matheny ("Matheny"), David B. Camp ("Camp"), and Beecher Lewis ("Lewis") (collectively, Matheny, Camp, and Lewis are referred to as the "Individual Defendants").

12

**II.    STATEMENT OF FACTS**

13

**A.    The Parties**

14

15

16

17

18

19

CorMatrix is a Georgia corporation that maintains its principle place of business at 200 N. Cobb Parkway, Marietta, Cobb County, Georgia 30062.  Declaration of David B. Camp in support of Motion to Dismiss ("Decl. of Camp"), ¶ 3.  CorMatrix is a tissue engineering and medical device company that is engaged in the business of researching, developing, manufacturing and marketing naturally-occurring extracellular matrix ("ECM") products for cardiovascular applications.  *Id.*

20

21

22

23

24

Matheny is the Chief Scientific Officer of CorMatrix, and a member of CorMatrix's board of directors, and is a resident of the State of Georgia.  *Id.*, ¶ 4.  Camp is the Chief Executive Officer of CorMatrix, and a member of CorMatrix's board of directors, and is a resident of the State of Georgia.  *Id.*, ¶ 1.  Lewis is the President and Chief Operating Officer of CorMatrix, and a member of CorMatrix's board of directors, and is a resident of the State of Florida.  *Id.*, ¶ 5.

25

26

27

28

Plaintiff is a limited liability company organized and existing under the laws of Delaware.  Complaint, ¶ 5.  Robert LaDuca ("LaDuca") is a member of Plaintiff and a resident of the State of California.  *Id.*, ¶ 15.  LaDuca was elected to CorMatrix's board of directors and made an officer of CorMatrix, holding the title of Vice President of Operations.  Decl. of Camp, ¶ 6.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 1 -

**B.**    **The Subscription Agreement**

In late 2003, LaDuca entered into discussions with CorMatrix's founder, Matheny, about the possibility of LaDuca investing in CorMatrix and participating in the development of future CorMatrix products. In February 2004, LaDuca made the decision to invest in CorMatrix and caused a limited liability company controlled by him, Plaintiff, to purchase 25,161 shares in CorMatrix for a total purchase price of $350,000. This transaction was memorialized by the Subscription Agreement. *See* Declaration of John Thomas in support of Motion to Dismiss ("Decl. of Thomas"), Ex. A at 1, 10. The "Undersigned" under the Subscription Agreement is Plaintiff and the "Company" is CorMatrix. *Id*., Ex. A at 1, 10. LaDuca, in his capacity as the Manager of Plaintiff, signed the Subscription Agreement on behalf of Plaintiff. *Id*., Ex. A at 10. John Thomas, in his capacity as Chief Financial Officer of CorMatrix, signed the Subscription Agreement on behalf of CorMatrix. *Id*., Ex. A at 10.

Section 4.2 of the Subscription Agreement, entitled "Governing Law; Jurisdiction" provides the following:

> (A) THIS SUBSCRIPTION AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF GEORGIA WITHOUT REGARD TO ITS CONFLICT OF LAW PRINCIPLES,
>
> (B) THE UNDERSIGNED HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY GEORGIA STATE COURT OR UNITED STATES FEDERAL COURT SITTING IN THE STATE OF DELAWARE, OVER ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS SUBSCRIPTION AGREEMENT OR ANY AGREEMENT CONTEMPLATED HEREBY, AND
>
> (C) THE UNDERSIGNED HEREBY IRREVOCABLY AGREES THAT ALL CLAIMS IN RESPECT OF SUCH ACTION OR PROCEEDING SHALL BE HEARD AND DETERMINED IN SUCH GEORGIA STATE COURT OR FEDERAL COURT. THE UNDERSIGNED FURTHER WAIVES ANY OBJECTION TO VENUE IN SUCH COURT AND ANY OBJECTION TO AN ACTION OR PROCEEDING IN SUCH COURT ON THE BASIS OF A NON-CONVENIENT FORUM. THE UNDERSIGNED FURTHER AGREES THAT ANY ACTION OR PROCEEDING BROUGHT AGAINST THE COMPANY SHALL BE BROUGHT IN SUCH COURTS.

*Id.*, Ex. A § 4.2 (emphasis in original). Thus, under the clear terms of this forum selection clause,

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Plaintiff agreed to bring *any action arising out of or relating to* the Subscription Agreement and *any action* against CorMatrix in only two jurisdictions: Georgia State Court or Delaware Federal Court.  Further, Plaintiff agreed to waive any objections to venue in either court based on a non-convenient forum argument.

## C.    The Complaint

On May 4, 2007, Plaintiff filed this Complaint not in Georgia State Court or Delaware Federal Court as required by the Subscription Agreement, but in California State Court.  *See* Complaint at 1.  The Complaint alleges causes of action for Breach of Fiduciary Duty, Fraudulent Inducement, Breach of Contract, Accounting, and Inspection.  *Id.*  All of these causes of action, except the Accounting cause of action, are brought against CorMatrix.  Further, all of these causes of action arise out of or relate to the Subscription Agreement because all relate to Plaintiff's investment of $350,000 in CorMatrix and Defendants' alleged failure to abide by the terms of their agreement and protect Plaintiff as a minority shareholder.[1]

The Complaint is filled with factual allegations relating to Plaintiff's investment in CorMatrix.  *See, e.g., id.*, ¶¶ 1, 2, 3, 16-25, 33 (making such allegations as "[w]ithout some role in overseeing the company's strategy and operations, Duke Advantage would not have been comfortable investing $350,000"; "[t]he Defendants, however, breached their agreement to allow Duke Advantage an active role in CorMatrix"; "[o]n February 9, 2004, Duke Advantage agreed to make its investment.  Duke Advantage executed the written portion of the parties' agreement, a stock subscription agreement drawn up by the Defendants"; "[a]fter receiving $350,000 from Duke Advantage, however, Defendants failed to live up to the terms of the parties' agreement"; "LaDuca wanted to see these records in order to assure that Duke Advantage and other

---

[1] To the extent that Plaintiff attempts to argue that there was an oral contract between the parties relating to Plaintiff's $350,000 investment in CorMatrix, Section 4.6 of the Subscription Agreement forecloses such possibility.  It provides that

> [t]his Subscription Agreement constitutes the entire understanding of the parties hereto with respect to the subject matter hereof and no amendment, restatement, modification or alteration will be binding unless the same is in writing signed by the party against whom any such amendment, restatement, modification or alteration is sought to be enforced.

Decl. of Thomas, Ex. A, § 4.6.

Shartsis Friese LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.
C072950 RMW

NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

shareholders were not having their investments improperly diluted"). In fact, the first paragraph of the Complaint appropriately summarizes the action as follows:

> This matter involves a breach of contract, breaches of fiduciary duties, and a false promise made by Defendants in order to induce the Plaintiff Duke Advantage to make a sizeable investment in their company. While negotiating for Duke Advantage's $350,000 investment in Defendant CorMatrix Cardiovascular, Inc. ("CorMatrix"), CorMatrix's founding executive represented and ultimately agreed that Duke Advantage would not merely be a passive investor, but would have a meaningful role in guiding the company, and its member Robert LaDuca ("LaDuca") would be given a seat on CorMatrix's board of directors. These promises were false, and were made with the intention of inducing Duke Advantage to invest in CorMatrix.

Complaint, ¶ 1.

Further, each one of the causes of action incorporates by reference all of the allegations contained in the Compliant and each relates specifically to Plaintiff's investment in and its position as a minority shareholder of CorMatrix. *See, e.g., id.*, ¶ 38 [Breach of Fiduciary Duty] ("Defendants may not abuse their positions of power and authority to the detriment of Duke Advantage as a minority shareholder."); *Id.*, ¶ 46 [Fraudulent Inducement] ("Defendants made these false promises with the intention that Duke Advantage rely upon them in making its decision to invest. Duke Advantage did in fact reasonably rely on Defendants' promises in deciding to invest $350,000 in CorMatrix."); *Id.*, ¶ 50 [Breach of Contract] ("Duke Advantage and Defendants entered into a valid and enforceable contract under which Duke Advantage would provide consideration of $350,000 to Defendants in exchange for a 20 percent share in CorMatrix . . . ."); *Id.*, ¶ 56 [Accounting] ("In addition, through their majority ownership of the stock of CorMatrix, the Defendants have exercised substantial control over the operations of CorMatrix."); *Id.*, ¶ 60 [Inspection] ("Defendants are improperly preventing the Plaintiff Duke Advantage from reviewing the books and records of CorMatrix as it is authorized to do.").

**D.    Related Proceedings**

In the interest of efficiency and full disclosure, CorMatrix and the Individual Defendants provide the Court with the complaints from related proceedings and the status of these proceedings:

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 4 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- On March 14, 2007, CorMatrix filed its own complaint in Georgia State Court against LaDuca and Duke Vascular, Inc. ("Duke Vascular") for Misappropriation of Corporate Opportunity, Breach of Fiduciary Duty/Loyalty, Constructive Trust, Theft of Trade Secrets, and Breach of Contract (the "Georgia State Court Action"). *See* Decl. of Camp, Ex. A.  Duke Vascular is a Delaware corporation that is controlled by LaDuca.  *Id*., Ex. A, ¶ 3.

- On April 19, 2007, thirty-six (36) days after CorMatrix filed its own complaint in Georgia State Court, Duke Empirical, Inc. ("Duke Empirical"), Duke Fiduciary, LLC ("Duke Fiduciary"), and Robert Glines filed a complaint in California State Court against CorMatrix, Matheny, Camp and Lewis for Declaratory Relief, Breach of Implied-in-Fact Contract, Common Law Misappropriation and Fraud (the "California State Court Action").  *See* Decl. of Camp, Ex. B.  Duke Empirical is a Delaware corporation and Duke Fiduciary is a Nevada corporation of which LaDuca is a member.  *Id*., Ex. B, ¶¶ 1, 2.  Both Duke Empirical and Duke Fiduciary are companies owned and controlled by LaDuca.

- On May 23, 2007, CorMatrix, Matheny and Lewis[2] filed a demurrer to the causes of action for Breach of Implied-in Fact Contract and Fraud in the California State Court Action.

- On May 25, 2007, LaDuca and Duke Vascular removed the Georgia State Court Action to the United States District Court for the Northern District of Georgia.  On June 4, 2007, LaDuca and Duke Vascular filed a motion to dismiss the complaint for lack of personal jurisdiction or in the alternative to transfer the action to the Northern District of California.[3]

---

[2] Camp had not yet been served at the time of the filing of the demurrer.  Camp has since been served and intends to join in the demurrer.

[3] CorMatrix opposes this motion, in part, because transferring to this Court is in contravention of the Subscription Agreement's forum selection clause.

- 5 -

NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

III.    **THIS CASE SHOULD BE DISMISSED FOR IMPROPER VENUE PURSUANT TO RULE 12(b)(3)**

A.    **Legal Standard**

The proper vehicle to enforce a forum selection clause is through a Rule 12(b)(3) motion for improper venue.  *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) ("We have not yet identified which procedural rule governs a motion to dismiss premised on the enforcement of a forum selection clause. . . . We conclude we should treat [the defendant]'s motion as a Rule 12(b)(3) motion to dismiss for improper venue.").  In diversity cases, federal law governs the validity of forum selection clauses. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).  When a party brings a motion to dismiss for improper venue under Rule 12(b)(3), "the pleadings need not be accepted as true, . . . and the court may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted).  Accordingly, it is appropriate for this Court to consider the supporting declarations submitted concurrently herewith.  *See* Decl. of Camp, Decl. of Thomas.

A forum selection clause is "prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is 'unreasonable under the circumstances.'" *Argueta*, 87 F.3d at 325 (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).  "The Supreme Court has construed this exception narrowly."  *Id*.  To establish the unreasonableness of a forum selection clause, the plaintiff has the "'heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court.'"  *Id*. (quoting *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984)).

B.    **Venue is Improper in California Based on the Mandatory Forum Selection Clause in the Subscription Agreement**

1.    **The forum selection clause is mandatory**

As provided above, the forum selection clause in the Subscription Agreement precludes Plaintiff from filing a complaint relating to its $350,000 investment in CorMatrix in any jurisdiction, except Georgia State Court or Delaware Federal Court.  The forum selection clause

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 6 -

1   further provides that Plaintiff "irrevocably agrees that *all* claims in respect of such action or

2   proceeding shall be heard and determined in such Georgia State or Federal Court," that Plaintiff

3   expressly waives any objection to venue in either court, and that "*any* action" against CorMatrix

4   "shall be brought in such courts."  Decl. of Thomas, Ex. A, § 4.2 (emphasis added).  Accordingly,

5   the language of the forum selection clause is mandatory because it speaks in terms of both

6   jurisdiction and venue and provides that "all claims" arising out of or relating to the Subscription

7   Agreement and "any action" against CorMatrix "shall" be heard and determined in only the two

8   specified jurisdictions.  *See Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 763 (9th Cir.

9   1989) (finding the forum selection clause language mandatory; the agreement provided that "This

10  agreement shall be deemed to be a contract made under the laws of the State of Virginia, United

11  States of America, and for all purposes shall be interpreted in its entirety in accordance with the

12  laws of said State.  Licensee hereby agrees and consents to the jurisdiction of the courts of the

13  State of Virginia.  Venue of any action brought hereunder shall be deemed to be in Gloucester

14  County, Virginia.").

15                    **2.      The forum selection clause is presumptively valid**

16          Under governing Ninth Circuit authority, the forum selection clause is presumptively

17  valid and it is Plaintiff's heavy burden to show why the clause is unreasonable.  *Argueta*, 87 F.3d

18  at 325.  Plaintiff has provided no grounds in its Complaint for why this Court should <u>not</u> enforce

19  the forum selection clause.  Moreover, Plaintiff cannot rebut the presumption of validity of the

20  forum selection clause or overcome its heavy burden of showing that the clause is unreasonable.

21  *Id*.  Further, there are no facts at Plaintiff's disposal which might even remotely suggest that

22  Plaintiff will be denied its day in court in either of the jurisdictions specified in the forum

23  selection clause.

24                    **3.      The Subscription Agreement applies to the Individual Defendants**

25          Plaintiff may attempt to argue that the forum selection clause can only apply to

26  CorMatrix, which was the only defendant to sign the contract.  However, the Ninth Circuit has

27  considered the issue and determined that where "the alleged conduct of the non-parties is so

28  closely related to the contractual relationship . . . the forum selection clause applies to all

Case No.
C072950 RMW

NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

defendants." *Manetti-Farrow*, 858 F.2d at 514 n.5 (determining that all defendants including the officers and directors sued by the plaintiff benefit from the forum selection clause signed by the corporation). "'A range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.'" *Manetti-Farrow*, 858 F.2d at 514 n.5 (quoting *Clinton v. Janger*, 583 F. Supp. 284, 290 (N.D. Ill. 1984)).

Here, the alleged conduct of the Individual Defendants is closely tied to the contractual relationship between Plaintiff and CorMatrix. Plaintiff accuses the Individual Defendants of being "individually liable for CorMatrix's wrongful acts" because they allegedly exercised "effective control and dominance over CorMatrix's activities" and "used CorMatrix to perpetrate the actions complained of herein." Complaint, ¶ 10. The Complaint details the negotiations that LaDuca and Matheny allegedly had, leading up to the execution of the Subscription Agreement. *See, e.g., id.*, ¶ 16 (LaDuca had a meeting with Matheny "to discuss issues including the possibility of using ECM in conjunction with stent grafts."); *Id.*, ¶ 18 (In February 2004, "LaDuca and Matheny began discussing the possibility of LaDuca investing in CorMatrix."); *Id.*, ¶ 19 (alleging that "Matheny and LaDuca agreed that were Duke Advantage to invest, it would play an active role in CorMatrix . . . ."); *Id.*, ¶ 20 (alleging that "LaDuca definitively told Matheny that Duke Advantage would require an active role in the company and board representation if it were going to invest a sum as large as $350,000."). Further, the Complaint accuses all Defendants of failing to live up to the Subscription Agreement. *See, e.g., id.*, ¶ 22 ("In fact, Defendants had no intention of following through on these promises and agreements, and made them with the intent of inducing Duke Advantage to invest. Despite this lack of intention, Defendants nevertheless agreed to these terms, creating a legally binding contract between the parties."); *Id.*, ¶ 36 ("Duke Advantage has been harmed by the Defendants' actions by virtue of the fact that it bargained for and was induced into investing $350,000 with the promise that it would be granted a board seat and an active role in CorMatrix that enabled it to monitor and safeguard its investment . . . .").

### 4.    The forum selection clause applies to both contract and tort claims

While the Complaint includes both contract and tort claims, resolution of these claims mandates interpretation of the Subscription Agreement. *See Manetti-Farrow*, 858 F.2d at 514

- 8 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  ("We first note that forum selection clauses can be equally applicable to contractual and tort

2  causes of action. . . . Whether a forum selection clause applies to tort claims depends on whether

3  resolution of the claims relates to interpretation of the contract.") (internal citations omitted).

4  Because all of Plaintiff's claims are intertwined with its investment in CorMatrix, the Court will

5  have to interpret and analyze the Subscription Agreement to determine whether the causes of

6  action are applicable to any of the defendants.  At the heart of the case is Plaintiff's $350,000

7  investment in CorMatrix -- which directly arises out of the Subscription Agreement.  Thus, the

8  forum selection clause must be enforced as to all of Plaintiff's claims.

9  **IV.    <u>CONCLUSION</u>**

10        For the foregoing reasons, the Complaint should be dismissed for improper venue as to all

11  defendants.

12  DATED:        June 13, 2007              SHARTSIS FRIESE LLP

13

14                                By: */s/ Robert E. Schaberg*

15                                      ROBERT E. SCHABERG

16                                Attorneys for Defendants
                                CORMATRIX CARDIOVASCULAR, INC.,
17                                ROBERT G. MATHENY, DAVID B. CAMP,
                                AND BEECHER LEWIS

18

19  7469\002\SKATZ\1440118.4

20

21

22

23

24

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 9 -