SHARTSIS FRIESE LLP
ROBERT E. SCHABERG (Bar #81430)
SIMONE M. KATZ (Bar #246490)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: rschaberg@sflaw.com; skatz@sflaw.com

Attorneys for Defendants
CorMatrix Cardiovascular, Inc., Robert G. Matheny,
David B. Camp, and Beecher Lewis

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DUKE ADVANTAGE, LLC, a company,<br><br>            Plaintiff,<br><br>v.<br><br>CORMATRIX CARDIOVASCULAR, INC., a corporation, ROBERT G. MATHENY, an individual, DAVID B. CAMP, an individual, and BEECHER LEWIS, an individual,<br><br>            Defendants. | Case No. C072950 RMW<br>Santa Clara Superior<br>Court Case No. 107 CV085326<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:     August 3, 2007<br>Time:     9:00 a.m.<br>Courtroom: 6<br>Judge:    Hon. Ronald M. Whyte |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 2

    A. Plaintiff Bears The Burden Of Overcoming The Presumption Of Validity Of The Forum Selection Clause ................................................................................. 2

    B. Federal Procedural Law Controls And The Burden Remains On Plaintiff To Show How Enforcement Of The Forum Selection Clause Is Unreasonable .......................................................................................................... 2

    C. Plaintiff Has Not Demonstrated That It Would Be Unreasonable To Enforce The Forum Selection Clause ..................................................................... 3

        1. Enforcement of the forum selection clause does not contravene the public policy articulated in California Corporations Code Section 25710 ................................................................................................................ 3

        2. Section 25701 is irrelevant since Plaintiff has not asserted a claim under California's Corporate Securities Law of 1968 .............................. 7

        3. Choice of law considerations are not before the Court on this motion ................................................................................................................ 7

    D. Plaintiff's Claims Have Nothing To Do With The Stockholders Agreement And There Is No "Conflict" With The Subscription Agreement ............................ 9

    E. Defendants' Alleged "Ties" With This Forum Have Nothing To Do With This Motion ............................................................................................................ 11

III. CONCLUSION ................................................................................................................. 11

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- i -

Case No. Case No. C072950 RMW    REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Argueta v. Banco Mexicano, S.A.*,
  87 F.3d 320 (9th Cir. 1996) ............................................................................................... 2

*Gagnon v. Ryerson Inc.*,
  2007 U.S. Dist. LEXIS 9355 (D. Or. Feb. 1, 2007) ........................................................... 6

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ..................................................................................... 3, 5, 11

*Laurel Village Bakery LLC v. Global Payments Direct Inc.*,
  2006 U.S. Dist. LEXIS 73663 (N.D. Cal. Sept. 25, 2006) ................................................. 6

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
  858 F.2d 509 (9th Cir. 1988) ........................................................................................ 2, 3, 5

*Multimin USA, Inc. v. Walco International Inc.*,
  2006 U.S. Dist. LEXIS 33624 (E.D. Cal. Apr. 7, 2006) ............................................. 6, 8, 11

*Murphy v. Schneider National, Inc.*,
  362 F.3d 1133 (9th Cir. 2004) ............................................................................................ 3

*Nureau Ink, LLC v. Zomba Recording, LLC*,
  2006 U.S. Dist. LEXIS 87240 (S.D. Cal. Nov. 29, 2006) .............................................. 6, 8

*Pong v. American Capital Holdings, Inc.*,
  2007 U.S. Dist. LEXIS 18727 (E.D. Cal. Feb. 28, 2007) .................................................. 5

*Swenson v. T-Mobile USA, Inc.*,
  415 F. Supp. 2d 1101 (S.D. Cal. 2006) ............................................................................. 8

*Whipple Industrial, Inc. v. Opcon AB*,
  2005 U.S. Dist. LEXIS 27564 (E.D. Cal. Sept. 7, 2005) ................................................... 9

## STATE CASES

*Hall v. Superior Court*,
  150 Cal. App. 3d 411 (1983) .......................................................................................... 4, 8

*Intershop Communications AG v. Superior Court*,
  104 Cal. App. 4th 191 (2002) ............................................................................................ 7

*Wimsatt v. Beverly Hills Weight Loss Clinics International Inc.*,
  32 Cal. App. 4th 1511 (1995) ............................................................................................ 3

## FEDERAL STATUTES

28 United States Code
  Section 1404(a) ................................................................................................................ 11

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

**STATE STATUTES**

California Business & Professions Code
    Section 20040.5 .................................................................................................................... 6

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

CorMatrix Cardiovascular, Inc. ("CorMatrix"), Robert G. Matheny ("Matheny"), David B. Camp ("Camp"), and Beecher Lewis ("Lewis") (collectively, Matheny, Camp, and Lewis are referred to as the "Individual Defendants") submit this Reply in support of their motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)").

## I.     **INTRODUCTION**

Duke Advantage, LLC ("Plaintiff") has failed to satisfy its substantial evidentiary burden of showing that enforcement of the mandatory forum selection clause in the subject Subscription Agreement would be unreasonable and thus not enforceable. The subject forum selection clause is presumptively valid and enforceable on its face and Plaintiff has failed to overcome this presumption.

Plaintiff's argument that the forum selection clause is unreasonable because it violates the California public policy articulated in Corporations Code Section 25701 fails because enforcement of the forum selection clause cannot, under the facts and circumstances of this case, in any way contravene that public policy. Further, the California appellate authority that Plaintiff relies on for this proposition relates to choice of law considerations which are not before this Court on this motion to dismiss. This argument also fails because Plaintiff admits that it has not asserted any claim under California's Corporate Securities Law of 1986. Hence, § 25701 cannot be implicated by enforcement of the forum selection clause since no securities claim exists.

Further, Plaintiff's attempt to fabricate a "conflict" between the Subscription Agreement and the Stockholders Agreement also fails because the Subscription Agreement -- or the stock purchase and sale agreement -- is the only contract whose terms and conditions relate to or concern the claims that Plaintiff has asserted in this dispute. In contrast, Plaintiff has asserted no claim that relates to, concerns or arises under the terms and conditions of the Stockholders Agreement, which only imposes restrictive covenants on the transfer of CorMatrix stock in the after market. Further, no purported "conflict" can exist because, based upon their clear focus, purpose and scope, it is apparent that these two agreements each serve a role that is distinctly different from one another. Therefore, there is no "conflict" and this argument has no relevance to the issues in this litigation.

- 1 -

| Case No. Case No. C072950 RMW | REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1   Finally, defendants' alleged contacts with California are of no relevance to the Court's determination of whether the subject forum selection clause is reasonable and fully enforceable. In this regard, the Court only considers the validity and enforcement of the clause and whether enforcement of the clause would be unreasonable, not whether the defendants have any "ties" to the state in which the plaintiff brings suit.

The Court should accordingly grant the instant motion to dismiss for improper venue.

## II.  ARGUMENT

### A.  Plaintiff Bears The Burden Of Overcoming The Presumption Of Validity Of The Forum Selection Clause.

Plaintiff does not dispute that the forum selection clause is presumptively valid and that it has the burden of demonstrating through competent and admissible evidence that enforcement of the forum selection clause would be unreasonable.[1]  Plaintiff's Opposition Memorandum ("Opp'n") at 6:12-14.  Under Ninth Circuit authority, Plaintiff "has the burden 'to show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'"  *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 515 (9th Cir. 1988) (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972)).  Plaintiff can also show that enforcement of the forum selection clause is unreasonable because it "would contravene a strong public policy of the forum in which the suit is brought." *Argueta v. Banco Mexicano*, *S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (citing *The Bremen*, 407 U.S. at 15).

### B.  Federal Procedural Law Controls And The Burden Remains On Plaintiff To Show How Enforcement Of The Forum Selection Clause Is Unreasonable.

As the Ninth Circuit has made clear, federal procedural law, not state procedural law, controls and governs the enforcement of a forum selection clause. *Manetti-Farrow*, 858 F.2d at 513 ("We conclude that the federal procedural issues raised by forum selection clauses significantly outweigh the state interests, and the federal rule announced in *The Bremen* controls

---

[1] Plaintiff concedes that the mandatory forum selection clause applies to the claims against the Individual Defendants and to the tort claims against all of the defendants.

- 2 -

| Case No. Case No. C072950 RMW | REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1 enforcement of forum clauses in diversity cases."). Plaintiff acknowledges as much. *See* Opp'n at 8:4-6 (noting that "this Court is not bound by California procedural law . . . .").

Notwithstanding this dispositive concession, Plaintiff appears to go on and suggest that California case law somehow places the burden on CorMatrix to show that enforcement of the forum selection clause would not diminish any of Plaintiff's rights under California law. Opp'n at 6:16-21 (citing *Wimsatt v. Beverly Hills Weight Loss Clinics Int'l Inc.*, 32 Cal. App. 4th 1511, 1523 (1995)). However, *Wimsatt* is not applicable to this case because its analysis was carefully confined to franchise agreements. *See Wimsatt*, 32 Cal. App. 4th at 1523 n.8 ("And, for the same reason, our remarks here are necessarily confined to forum selection clauses in franchise agreements."). Moreover, *Wimsatt* is not controlling on this Court because it involves California procedural law, not federal procedural law. *See id.* at 1514 (explaining that federal procedural law is different than California procedural law as to enforcement of forum selection clauses); *Manetti-Farrow*, 858 F.2d at 513 (federal procedural law controls enforcement of a forum selection clause).

As such, under controlling Ninth Circuit authority, the burden of persuasion never shifts to the moving party. Instead, the burden remains entirely upon the non-moving party to show that enforcement of the forum selection clause is unreasonable. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) ("The party challenging the [forum selection] clause bears a 'heavy burden of proof' and 'must clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'") (quoting *The Bremen*, 407 U.S. at 15); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000) (stating the same). It is beyond cavil that Plaintiff has completely failed to satisfy this substantial burden.

### C. **Plaintiff Has Not Demonstrated That It Would Be Unreasonable To Enforce The Forum Selection Clause.**

#### 1. **Enforcement of the forum selection clause does not contravene the public policy articulated in California Corporations Code Section 25710.**

Plaintiff asserts that enforcement of the forum selection clause in the Subscription

- 3 -

| Case No. Case No. C072950 RMW | REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |

Agreement would contravene a "strong" public policy articulated in Corporations Code Section 25710. Opp'n at 8:5-6. This contention is based exclusively upon *Hall v. Superior Court*, 150 Cal. App. 3d 411 (1983), which refused to enforce a forum selection clause only because its associated choice of law clause would contravene the non-waiver policy of § 25710:

> [W]e believe the right of a buyer of securities in California to have California law and its concomitant nuances apply to any future dispute arising out of the transaction is a "provision" within the meaning of section 25701 which cannot be waived or evaded by stipulation of the parties to a securities transaction. Consequently, we hold the choice of Nevada law provision in this agreement violates section 25701 and the public policy of this state.

*Id.* at 418.

A careful review of the facts and circumstances at issue in *Hall* will demonstrate that it is distinctly dissimilar from the instant case to the extent that the public policy of § 25701 cannot be contravened by the facts of this case. The *Hall* court was obviously concerned by the facts and events of its sales transactions which on their face indicated that the sellers of the securities had attempted to "evade" the California Corporate Securities Law by "transporting the parties across the State border" in order to close the transaction in Nevada. *Id.* at 417-418. Those sellers further attempted to waive or evade the California securities laws through a stipulation as to certain transactional facts. The court rejected this obvious, evasive scheme and stated that § 25701 "was intended to and will preclude any evasion" of the California Corporate Securities Law. *Id.* at 417.

It is undisputed that the purchase and sale transaction at issue in the instant litigation contains no facts or allegations which charge, or even suggest, that defendants have engaged in any conduct that was designed to "evade" or avoid any of the "nuances" in the California securities laws. Indeed, in this regard it is significant to note that the Plaintiff's Complaint is totally devoid of any claims arising under the California securities statutes. Moreover, it is further undisputed that the Georgia securities laws are equivalent to the California securities laws in all material respects (*see* Declaration of Angela Frazier in Support of Motion to Dismiss

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

("Frazier Decl.") filed herewith).[2] As such, under the Georgia securities laws, Plaintiff will not be "deprived of his day in court." *Manetti-Farrow*, 858 F. 2d at 515 (internal quotation marks omitted). Therefore, enforcement of the subject forum selection clause cannot contravene the public policy of § 25701, and it is not unreasonable for this Court to enforce that provision and grant the instant motion to dismiss.

Significantly, another California district court has considered and rejected the specific § 25701 public policy argument now before this Court. In *Pong v. American Capital Holdings, Inc.*, 2007 U.S. Dist. LEXIS 18727 (E.D. Cal. Feb. 28, 2007), the plaintiff alleged that the defendants had made false representations in connection with an investment and filed suit for breach of contract, fraud, and claims for rescission and damages under Corporations Code Section 25501.[3] *Pong*, 2007 U.S. Dist. LEXIS 18727 at *2-4. The plaintiff then sought to avoid enforcement of mandatory forum selection clauses in promissory notes by arguing the non-waiver policy of § 25701. *Id.* at *13. The plaintiff asserted that "California has a strong public policy against waiver of the right to bring actions for rescission or for damages for securities fraud in a California court under California Corporations Code Section 25701." *Id.* at *13 (internal quotation marks omitted).

The *Pong* court rejected the § 25701 argument because the language of the statute did not specifically address waiver and venue. *See id.* (Plaintiff "fail[ed] to explain how this provision 'declares' that enforcement of the forum selection clause would violate California public policy. The provision, does not, specifically address waiver and venue."). The court further observed that, unlike the franchise statute in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), which specifically provided that "[a] provision in a franchise agreement restricting *venue* to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state," § 25701 expresses no such

---

[2] Under the Georgia Securities Act of 1973, specifically O.C.G.A. sections 10-5-12 and 10-5-14, a purchaser of securities can sue for unlawful practices, including misrepresentation and fraud, and can recover monetary damage for such practices. *See* Frazier Decl., ¶ 3 and Exhibit A.

[3] Defendants note that the plaintiff in *Pong* specifically alleged a claim under the Corporate Securities Law of 1968.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

strong public policy regarding venue. *Pong*, 2007 U.S. Dist. LEXIS 18727 at *13-14; Cal. Bus. & Prof. Code § 20040.5 (emphasis added). *See also Multimin USA, Inc. v. Walco Int'l Inc.*, 2006 U.S. Dist. LEXIS 33624, *16-17 (E.D. Cal. Apr. 7, 2006) (distinguishing the statute at issue in *Jones* which "specifically held that restrictions on venue were void in disputes arising out of forum selection clauses;" while California has law relating to breach of contract and trade secrets, "this body of law is unrelated on its face to venue").

Moreover, a number of other Ninth Circuit district courts have also considered the issue of whether enforcement of a forum selection clause would contravene a state's "strong" public policy and have enforced the forum selection clause. *See, e.g., Laurel Vill. Bakery LLC v. Global Payments Direct Inc.*, 2006 U.S. Dist. LEXIS 73663, *7, 16-17 (N.D. Cal. Sept. 25, 2006) (granting the defendants' motion to dismiss for improper venue and rejecting the plaintiff's argument that enforcement of a forum selection clause would violate Georgia law which, according to the plaintiff, did not allow for contractual venue provisions; the court determined that the Georgia cases that the plaintiff relied upon were "limited to cases involving intrastate disputes between Georgia companies" and because the dispute at issue involved an interstate dispute, plaintiff had failed to overcome the presumption of validity of the clause); *Nureau Ink, LLC v. Zomba Recording, LLC*, 2006 U.S. Dist. LEXIS 87240, *7 (S.D. Cal. Nov. 29, 2006) (granting the defendant's motion to dismiss for improper venue and rejecting the plaintiffs' argument that enforcement of a forum selection clause would contravene California public policy because "enforcement of the clause would deprive Plaintiffs of certain remedies available only in California"); *Multimin USA.*, 2006 U.S. Dist. LEXIS 33624 at *16-19 (granting the defendants' motion to transfer because the plaintiffs had failed to show that enforcement of a forum selection clause would contravene California public policy); *Gagnon v. Ryerson Inc.*, 2007 U.S. Dist. LEXIS 9355, *9-10 (D. Or. Feb. 1, 2007) (granting the defendants' motion to dismiss for improper venue because the plaintiff had failed to meet its burden of showing that enforcement of the forum selection clause was unreasonable and rejecting the plaintiff's argument that Oregon public policy regarding noncompete agreements renders the forum selection clause unenforceable because the plaintiff "does not present any evidence that Illinois law provides less protection than

- 6 -

| Case No. Case No. C072950 RMW | REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  Oregon law").

2  Based upon the foregoing specific analysis related to § 25701, and based upon the
3  foregoing body of persuasive Ninth Circuit authority, Plaintiff has failed to meet its burden of
4  showing how enforcement of the forum selection clause is unreasonable.

**2. Section 25701 is irrelevant since Plaintiff has not asserted a claim under California's Corporate Securities Law of 1968.**

7  Plaintiff acknowledges that it has not stated any claim under California's Corporate
8  Securities Law of 1968. Opp'n at 9:22-24. Instead, Plaintiff maintains that while it "has not yet
9  stated claims under California's Corporate Securities Law of 1968, it has plead facts sufficient to
10 state a claim under Section 25400(d) of that law." Opp'n at 9:22-24. Unfortunately, this "sleight
11 of hand" will not save the day.

12  A California appellate court has unequivocally rejected a similar attempt by plaintiffs to
13 avoid enforcement of a forum selection clause based upon § 25701. In *Intershop
14 Communications AG v. Superior Court*, 104 Cal. App. 4th 191 (2002), the plaintiffs sought to
15 avoid enforcement of a mandatory forum selection clause in a stock options exchange agreement
16 by arguing that "enforcement of the forum selection clause would violate California public policy
17 reflected in Corporations Code section 25701." *Intershop Commc'ns*, 104 Cal. App. 4th at 195,
18 200. The appellate court rejected this argument because "[t]he flaw in the argument is that
19 plaintiff no longer has any cause of action based on a violation of California's securities laws."
20 *Id*. at 200. The Plaintiff here is in the same position, and this Court should reject Plaintiff's §
21 25701 argument for the same reason.

**3. Choice of law considerations are not before the Court on this motion.**

23  Plaintiff relies completely on the *Hall* decision in the hope that the Court will confuse
24 choice of law considerations with choice of forum considerations and adopt the rationale of that
25 decision. However, as the following cases establish, district courts in the Ninth Circuit have ruled
26 that federal courts do not consider choice of law issues when analyzing the enforceability of a
27 forum selection clause.

28  As explained above, the *Hall* court considered a choice of law provision in assessing

1 whether enforcement of a forum selection clause in the same agreement was unreasonable based
2 on California public policy. *Hall*, 150 Cal. App. 3d at 413. According to the *Hall* court, "a
3 determination as to the validity of the choice of law provision is [a] prerequisite to a
4 determination of whether the forum selection clause should be enforced" when it is apparent that
5 the choice of law could prejudice the rights of California citizens and contravene California
6 public policy. *Id*. at 416.

7 However, several federal district courts have uniformly ruled that choice of law clauses
8 are not relevant when they are analyzing the enforceability of a forum selection clause. For
9 example, in *Swenson v. T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101 (S.D. Cal. 2006), the plaintiff
10 sought to avoid enforcement of a forum selection clause by arguing that it would contravene the
11 public policy articulated in California Business and Professions Code section 16600 relating to
12 non-compete provisions in employment contracts. *Swenson*, 415 F. Supp. 2d at 1104. The court
13 rejected this argument because the plaintiff "cleverly, but impermissibly, combin[es] the forum
14 selection and choice of law analyses when she argues that enforcement of the forum selection
15 clause results in the application of a Washington law violative of California public policy." *Id*.
16 "The question is not whether the application of the forum's law would violate the policy of the
17 other party's state, but rather, whether enforcement of the forum selection agreement would
18 violate the policy of the other party's state *as to the forum for litigation of the dispute*." *Id*. at
19 1105 (emphasis added). Because enforcement of the forum selection clause in *Swenson* "does not
20 contravene a California policy as to forum," the forum selection clause was valid. *Id.*

21 *See also Nureau Ink*, 2006 U.S. Dist. LEXIS 87240 at *22-24 (finding the reasoning of
22 *Swenson* persuasive and declining to consider the choice of law clause before deciding the
23 enforceability of the forum selection clause and rejecting application of *Hall* to the case because
24 "federal law governs the analysis of the effect and scope of forum selection clauses"; if *Hall*
25 applied, it "would force courts to examine the merits of the underlying case in order to determine
26 if the forum selection clause should be enforced"); *Multimin USA*, 2006 U.S. Dist. LEXIS 33624
27 at *17-18 (rejecting the plaintiffs argument that "a strong public policy requires the court to keep
28 this action in California because [the contract forum] does not provide a statutory basis for

- 8 -

Case No. Case No. C072950 RMW — REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  Plaintiffs' trade secret claims;" "The forum selection clause determines where the case will be
2  heard. It is separate and distinct from choice of law provisions that are not before the court.");
3  *Whipple Indus., Inc. v. Opcon AB*, 2005 U.S. Dist. LEXIS 27564, *27, 29, 30-31 (E.D. Cal. Sept.
4  7, 2005) (rejecting the plaintiff's argument that enforcement of the forum selection clause "would
5  contravene California's strong public policy against restraints on trade" articulated in California
6  Business and Professions Code section 16600; there is nothing in section 16600 that relates to
7  venue and "[t]he forum selection clause determines where the case will be heard [and] is separate
8  and distinct from the choice of law provisions which, [the plaintiff] acknowledges, are not before
9  this court; the court also determined that the case was unlike the facts in *Hall* in which both issues
10 of choice of law and choice of forum were before the court).

Since federal district courts in the Ninth Circuit have declined to consider choice of law provisions in assessing the reasonableness of a forum selection clause and have rejected the *Hall* rationale, this Court should do the same and not apply the *Hall* analysis to the facts of this case.

### D. Plaintiff's Claims Have Nothing To Do With The Stockholders Agreement And There Is No "Conflict" With The Subscription Agreement.

Plaintiff also argues that the policy behind the enforcement of a forum selection clause is frustrated by certain unidentified conflicts that purportedly exist between the forum selection clause set forth in the Subscription Agreement and the forum selection clause set forth in the Stockholders Agreement. In this regard, Plaintiff asserts:

> Forum selection clauses should provide parties to a contract with a measure of orderliness and predictability…. Here, the existence of conflicting choice of forum and choice of law provisions in separate agreements exacerbates, rather than dispels, such confusion. Indeed, the objectives of the provisions themselves are utterly unclear.

\*\*\*

> Duke Advantage has made claims that implicate both agreements, namely breach of fiduciary duty and accounting inspection claims involving the rights of a shareholder, as well as a claim for fraudulent inducement to purchase securities. Both agreements are thus related to Duke Advantage's investment in CorMatrix and status as a CorMatrix shareholder.

- 9 -

Case No. Case No. C072950 RMW     REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  Opp'n at 10:6-13 and 19-24.

2      Plaintiff's assertion that it has made claims that implicate both agreements is not an
3  accurate statement. Its claims have absolutely nothing to do with the terms and conditions of the
4  Stockholders Agreement. Rather, the claims asserted by Plaintiff only implicate the terms and
5  conditions of the Subscription Agreement. Further, its assertion that these purportedly
6  "conflicting" choice of forum provisions create confusion and unpredictability flies directly in the
7  face of the clear terms and conditions of each agreement and their respective scope and purpose.
8  Since each of these agreements have a clear purpose and scope that are distinctly dissimilar from
9  one another, no such "confusion and unpredictability" can possibly exist.

10     The Subscription Agreement only concerns itself with the initial or original purchase and
11 sale of CorMatrix common shares between CorMatrix and Plaintiff. The Subscription Agreement
12 plainly only concerns itself with the offer and sale of securities that are not registered with either
13 the Securities and Exchange Commission or any other governmental agency charged with
14 regulating the offering and sale of securities. The Subscription Agreement therefore only
15 concerns itself with the purchase and sale of an unregistered security. Its obvious scope and
16 purpose is to insure that the transaction fully complies with the "blue sky laws" enacted in the
17 various states in which these securities are being offered for sale. As such, Plaintiff's claims for
18 breach of fiduciary duty and fraudulent inducement can only arise out of or implicate the terms
19 and conditions of the Subscription Agreement because they admittedly are only related to the
20 "purchase and sale" transaction effectuated by Plaintiff.

21     In contrast, the Stockholders Agreement only concerns itself with the transfer and sale of
22 CorMatrix securities subsequent to the purchase and sale affected by the Subscription Agreement,
23 or in what is commonly referred to as an "after market transaction." Moreover, since CorMatrix
24 is not a publicly traded company, the relevant after market consists only of private transactions.
25 The Stockholders Agreement is thus designed and implemented for the sole purpose of insuring
26 that CorMatrix's original investors, such as venture capitalist or other angel investors, are
27 protected to the extent that their original investments are not transferred to unknown third parties,
28 or to insure that their original investments are not diluted by further transactions or sales. As

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 10 -

| Case No. Case No. C072950 RMW | REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |

1  such, the Stockholders Agreement only regulates and concerns itself with the restricted transfer

2  and sale of CorMatrix securities by and between a specific universe of original investors (e.g.,

3  "Founding Stockholders," "Purdue Research Foundation, Inc.," "Additional Investors").

4      These differences also explain their different forum selection provisions. Georgia is one

5  of the mandatory jurisdictions for the Subscription Agreement because it is the state of

6  incorporation and principal place of business of CorMatrix -- the issuer of the unregistered

7  securities covered by the Subscription Agreement. Indiana is the mandatory jurisdiction for the

8  Shareholder's Agreement because it is the state of residence of Purdue Research Foundation, Inc.

9  -- the initial investor in CorMatrix who licensed its technology to CorMatrix.

10      In this context, it is apparent that no "confusion or unpredictability" exists between these

11  forum selection provisions. As such, Plaintiff's arguments in this regard must fail.

12      **E.    Defendants' Alleged "Ties" With This Forum Have Nothing To Do With This Motion.**

13

14      Plaintiff cites to no authority for the proposition that the defendants' contacts with

15  California are relevant to the determination of whether a forum selection clause is reasonable and

16  enforceable. Rather, because the Subscription Agreement contains a forum selection clause and it

17  is on that basis that the defendants seek a motion to dismiss, it is unnecessary for this Court to

18  determine whether venue is proper here based on the defendants' "ties" to California. *See, e.g.,*

19  *Multimin USA*, 2006 U.S. Dist. LEXIS 33624 at *10-11 ("In this action, it is unnecessary for the

20  court to determine [as provided for in 28 U.S.C. section 1391(b)] if a substantial part of the events

21  occurred in California rather than Kansas or Texas, where the allegedly trademark infringing

22  material is manufactured. The Agreement between the parties contained a forum selection clause

23  [which provided that venue is proper in Tarrant County, Texas]."). This motion to dismiss is

24  unlike a motion to transfer pursuant to 28 U.S.C. section 1404(a) in which the court may

25  consider, among other factors, "the respective parties' contacts with the forum" and "the contacts

26  relating to the plaintiff's cause of action in the chosen forum." *Jones*, 211 F.3d at 498.

27  **III.    CONCLUSION**

28      For the foregoing reasons, Plaintiff has failed to meet its heavy burden of overcoming the

- 11 -

Case No. Case No. C072950 RMW      REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1 presumption of validity of the forum selection clause in the Subscription Agreement.
2 Accordingly, the Complaint should be dismissed for improper venue as to all the defendants.

3 DATED:      July 20, 2007                    SHARTSIS FRIESE LLP

                                               By: */s/ Robert Schaberg*
                                                    ROBERT E. SCHABERG

                                               Attorneys for Defendants
                                               CORMATRIX CARDIOVASCULAR, INC.,
                                               ROBERT G. MATHENY, DAVID B. CAMP,
                                               AND BEECHER LEWIS

7469\002\NBIGLEY\1447157.3

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 12 -
Case No. Case No. C072950 RMW    REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS