**E-FILED on** __8/22/07__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DUKE ADVANTAGE,<br><br>    Plaintiff,<br><br>    v.<br><br>CORMATRIX CARDIOVASCULAR, INC., a corporation, ROBERT G. MATHENY, an individual, DAVID B. CAMP, an individual, and BEECHER LEWIS, an individual,<br><br>    Defendants. | No. C-07-02950 RMW<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE; ORDER TRANSFERRING CASE<br><br>**[Re Docket No. 7]** |

Defendants Cormatrix Cardiovascular, Inc., Robert G. Matheny, David B. Camp, and Beecher Lewis move to dismiss plaintiff's complaint for improper venue. The court has read the moving and responding papers and considered the arguments of counsel. For the reasons set forth below, defendants' motion to dismiss for improper venue is granted.

## I. BACKGROUND

Defendant CorMatrix, a corporation with its place of incorporation and principal place of business in Georgia, researches, manufactures, and markets extracellular matrix ("ECM") products

for cardiovascular applications. Decl. Robert LaDuca Supp. Opp'n Mot. Dismiss ("LaDuca Decl.") ¶ 9; Decl. David Camp Supp. Mot. to Dismiss ("Camp Decl.") ¶ 3. Defendant Matheny is Chief Scientific Officer of CorMatrix, defendant Camp is Chief Executive Officer of CorMatrix, and defendant Lewis is President and Chief Operating Officer of CorMatrix. Camp Decl. ¶¶ 4-6. Plaintiff Duke Advantage is a limited liability company organized and existing under the laws of Delaware. Compl. ¶ 5. LaDuca is a member of Duke Advantage, was elected to the CorMatrix board of directors, and was made an officer of CorMatrix, holding the title of Vice President of Operations. Camp Decl. ¶ 6.

In June 2003, LaDuca met with Matheny in San Francisco, California, to discuss the technology CorMatrix was developing. LaDuca Decl. ¶ 4. In February 2004, defendants contacted LaDuca in Santa Cruz, California, via telephone to inquire whether he was interested in purchasing shares of CorMatrix stock. *Id*. LaDuca negotiated the terms of an investment in CorMatrix by Duke Advantage with Matheny and other CorMatrix executives via telephone, email, and facsimile. *Id*. Defendants and LaDuca agreed that in exchange for a $350,000 investment in CorMatrix, CorMatrix would issue 25,161 shares of its common stock to Duke Advantage. LaDuca Decl. ¶ 5. Plaintiff alleges that although the parties agreed that Duke Advantage, specifically LaDuca, would be provided with representation on CorMatrix's board of directors and would have an active role in overseeing that company's strategy and operations, LaDuca was not invited to attend any board meetings. *Id*.

The parties memorialized the stock transaction through a Subscription Agreement with mandatory choice of forum and choice of law provisions requiring that cases be heard in a Georgia state court or Delaware federal court, applying Georgia law without reference to choice of law principles. LaDuca Decl., Ex. A (hereinafter "Subscription Agreement") § 4.2. The Subscription Agreement also requires that the signing party waive any "objection to an action or proceeding in such court on the basis of a non-convenient forum." *Id.*

In particular, the Subscription Agreement provides:

> A) This subscription agreement shall be governed by and construed in accordance with the internal laws of the state of Georgia without regard to its conflict of laws principles,

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE- No. C-07-2950 RMW
AEL                                       2

> B) The undersigned hereby irrevocably submits to the jurisdiction of any Georgia state court or United States federal court sitting in the state of Delaware, over any action or proceeding arising out of or relating to this subscription agreement or any agreement contemplated hereby, and
> C) The undersigned hereby irrevocably agrees that all claims in respect of such action or proceeding shall be heard and determined in such Georgia state court or federal court. The undersigned further waives any objection to venue in such court and any objection to an action or proceeding in such court on the basis of non-convenient forum. The undersigned further agrees that any action or proceeding brought against the company shall be brought in such courts.

*Id.*

Plaintiff states that defendants did not negotiate the terms of the Subscription Agreement with LaDuca, and that the Subscription Agreement had not been filled out to include the specifics of Duke Advantage's investment when it was sent to LaDuca for his signature. LaDuca Decl. ¶ 6.

In connection with Duke Advantage's purchase of CorMatrix stock, Duke Advantage apparently became a party to a "Stockholders Agreement" with CorMatrix. CorMatrix originally entered into the Stockholders Agreement with Purdue Research Foundation, Inc., an Indiana company, however plaintiff was informed by CorMatrix's CFO by way of a cover sheet to a fax dated February 9, 2004 that Duke Advantage became a party to the Stockholders Agreement by becoming a stockholder in CorMatrix. LaDuca Decl. ¶ 6, Ex. A.[1] The Stockholders Agreement states that the agreement "shall be governed by and interpreted under the laws of the State of Indiana" and the parties "hereby submit to the exclusive jurisdiction of and venue in the state and federal courts located in Tippecanoe, Indiana." LaDuca Decl., Ex. B.

On May 4, 2007, Duke Advantage filed the instant complaint[2] against defendants in California state court, setting forth claims for (1) breach of fiduciary duty, (2) fraudulent inducement, (3) breach of contract, (4) accounting, and (5) inspection. Defendants removed the

---

[1] The terms of the Stockholders Agreement purport to bind any person or entity that becomes a stockholder of CorMatrix. LaDuca Decl., Ex. B at 1; *see also id.* § 5.5 (titled "Subsequent Stockholders to Become Bound").

[2] CorMatrix filed a complaint against Robert LaDuca and Duke Vascular, a corporation of which LaDuca is the sole or majority shareholder and controls, on March 14, 2007 in the matter entitled, *Cormatrix Cardiovascular, Inc. v. LaDuca and Duke Vascular, Inc.* (Case No. 2007 CV130971) in the Superior Court of Fulton County, State of Georgia. In that action, CorMatrix set forth claims for (1) misappropriation fo corporate opportunity, (2) breach of fiduciary duty (3) breach of the duty of loyalty, (4) constructive trust, (5) theft of trade secrets, and (6) breach of contract, (7) punitive damages, and (8) expenses of litigation.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE- No. C-07-2950 RMW
AEL                                           3

complaint to this court on June 6, 2007. Defendants argue that all of these causes of action relate to the Subscription Agreement because they arise out of Duke Advantage's $350,000 investment in CorMatrix and defendants' alleged failure to abide by the terms of their agreement and protect plaintiff as a minority shareholder. Mot. at 3.

## II. ANALYSIS

Defendants move to dismiss the complaint for improper venue pursuant to Rule 12(b)(3) on the basis of the forum selection clause in the Subscription Agreement, which requires the parties to submit to the jurisdiction of Georgia state court or Delaware federal court. Mot. at 6. Plaintiff opposes defendants' motion on the grounds that enforcing the forum selection clause would violate strong California public policy favoring application of the state's laws to protect California purchasers of securities. Opp'n at 8. In addition, plaintiff contends that conflicting forum selection clauses in the Subscription Agreement and the Stockholders Agreement frustrate the policy of "dispelling any confusion about where suits arising from the contract must be brought and defended." *Id.* at 10. Finally, plaintiff argues that venue is proper in the Northern District of California because the parties have strong ties to this forum and the actions giving rise to the present dispute largely took place within this district.

### A.   Legal Standard

Fed. R. Civ. P. 12(b)(3) governs a motion to dismiss premised on the enforcement of a forum selection clause. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *see also Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 851 (9th Cir. 1997) ("We treat dismissal based on a forum selection clause like a dismissal for improper venue under Rule 12(b)(3)."). In ruling on a Rule 12(b)(3) motion based upon a forum-selection clause, "the court must draw all reasonable inferences and resolve all factual conflicts in favor of the party seeking to avoid enforcement of the clause . . . at least until an evidentiary hearing is held." *Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133, 1139 (9th Cir. 2004). Nevertheless, "[o]nce venue is challenged, the burden is on the plaintiff to show that venue is proper." *Whiteman v. Resort*, 1999 WL 163044, at *1 (N.D. Cal. 1999) (Chesney, J.) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE- No. C-07-2950 RMW
AEL                                                                 4

### B.     Enforcement of the Forum Selection Clause

In diversity cases, federal law governs the effect and scope of forum selection clauses. *Manetti-Farrow, Inc. v. Gucci America, Inc.,* 858 F. 2d 509, 513 (9th Cir. 1988); *see also Visicorp v. Software Arts, Inc.*, 575 F. Supp. 1528, 1532 (N.D. Cal. 1983) (Ingram, J.) (holding that federal law applies to interpret a forum selection clause because forum selection is primarily a venue matter). Forum-selection clauses are presumed valid and should be honored absent a strong showing by the party opposing enforcement of the clause "that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *Manetti-Farrow,* 858 F.2d at 514. The opposing party bears "a heavy burden of proof" to show that the clause should be set aside, and has the burden "to show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *M/S Bremen*, 407 U.S. at 15, 18.

However, a clause should not be enforced if the challenging party can clearly show (1) inclusion of the clause was a result of fraud, undue influence, or overreaching, (2) enforcement would be so fundamentally unfair and seriously inconvenient to one party that it would effectively deprive that party of its day in court, or (3) enforcement would "contravene a strong public policy of the forum in which suit is brought whether declared by statute or by judicial decision." *Id.* at 15.

Neither party requested a transfer in its briefing, however, plaintiff indicated that it would prefer transfer to dismissal in the event the court was inclined to grant defendants' motion. When considering transfer of an action under 28 U.S.C. § 1404(a)[3] due to a forum selection clause, a district court should "weigh in the balance the convenience of the witnesses and those public-interest factors of systematic integrity and fairness that, in addition to private concerns, come under the heading of the 'interest of justice.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).

### C.     Public Policy Under California Securities Law

Plaintiff contends that enforcing the forum selection clause would violate a fundamental California public policy embodied in California's anti-waiver statute for securities fraud actions, Cal.

---

[3] 28 U.S.C.A. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE- No. C-07-2950 RMW
AEL                                               5

Corp. Code § 25701. Opp'n at 6. Under this law, "[a]ny condition, stipulation or provision purporting to bind any person acquiring any security to waive compliance with any provision of this law or any rule or order hereunder is void." Cal. Corp. Code § 25701. Section 25701 "applies where there is an offer to sell or buy securities in California," and "compels denial of enforcement." *Hall v. Superior Court*, 150 Cal. App. 3d 411, 417-18 (1983).

Recently, the Eastern District of California rejected a similar argument that the anti-waiver provision of § 27501 set forth a California public policy that would be contravened by enforcement of a forum selection clause requiring a non-California forum. *Pong v. American Capitol Holdings, Inc.*, 2007 WL 657790, at *7 (E.D. Cal. Feb. 28, 2007) (Karlton, J.). The court analyzed but ultimately distinguished, *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000), in which the Ninth Circuit upheld the district court's repudiation of a forum selection clause. The *Pong* court reasoned that the Ninth Circuit determined that Cal. Bus. & Prof Code § 20040.5, the statute at issue in *Jones*, expresses a strong public policy to protect California franchisees specifically from the expense, inconvenience and possible prejudice of litigating in a non-California venue because that section specifically provides that "[a] provision in franchise agreement restricting *venue* to a forum outside this state is void." *Pong*, 2007 WL 657790 at *5. Distinguishing § 27501, the *Pong* court determined that "the provision does not specifically address waiver and venue" and, thus, unlike the franchise statute in *Jones,* does not express a similarly strong public policy regarding venue. *Id.*

In its analysis, the court also noted that the language of Cal. Corp. Code § 25701 mirrors the anti-waiver provisions in the federal Securities Act of 1933 and the Securities Exchange Act of 1934. Addressing whether a federal court should invalidate a forum selection clause designating British courts and choice of law provisions specifying British law, the Ninth Circuit rejected an argument that the federal language constituted strong public policy. *Richards v. Lloyd's of London*, 135 F.3d 1289, 1293 (9th Cir. 1998). As did the *Pong* court, this court finds the Ninth Circuit's decision instructive on the question of whether the forum selection clause contravenes a strong public policy set forth in Cal. Corp. Code § 25701.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE- No. C-07-2950 RMW
AEL                                                                 6

In support of his public policy contention, plaintiff cites *Hall v. Superior Court*, in which the California Court of Appeal, applying state procedural law,[4] declined to enforce a choice of law provision specifying Nevada law and, accordingly, declined to enforce the forum selection clause as unreasonable. The court in *Hall* reasoned that the forum selection clause violated public policy because "the right of a buyer of securities in California to have California law and its concomitant nuances apply to any future dispute arising out of the transaction is a 'provision' within the meaning of section 25701 which cannot be waived or evaded by stipulation of the parties to a securities transaction." *Hall*, 150 Cal. App. 3d at 418. However, as the *Hall* court makes clear, in that case the sellers of securities were allegedly engaged in a broad scheme to evade California corporate securities laws (the claims therein including, for example, sale of unregistered securities). Here, by contrast, plaintiff's claims for breach of fiduciary duty, fraudulent inducement, breach of contract, accounting, and inspection do not raise any implication that defendants in the present case were attempting to evade California securities law when they included the forum selection clause in the agreement. *See id.*

Plaintiff contends that although it has not yet set forth claims under California securities laws, it has pled facts sufficient to state a claim under § 25400(d) of the California Corporate Securities Law of 1968. Such a claim is not, however, before the court and plaintiff has not satisfied the court that Georgia law does not provide similar protections such that "depriving" plaintiff of the ability to amend its complaint to assert a claim under California law would be unreasonable.

At the hearing, plaintiff called the court's attention to *Nutracea v. Langley Parks Investments PLC*, 2007 WL 135699 (E.D. Cal. Jan. 16, 2007) (England, J.). The court in *Nutracea* declined to enforce a forum selection clause requiring any action regarding an agreement to be brought exclusively in New York, stating that under section 25701, California has a strong public policy against enforcement of the forum clause in the disputed agreement. *Id.* at *1-2. Under California

---

[4] As plaintiff acknowledges, federal procedural law, rather than state procedural law, governs the enforcement of a forum selection clause, *Manetti-Farrow*, 858 F. 2d at 513, and therefore, the Court of Appeal's decision to decline to enforce the forum selection clause does not control in the present case.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE- No. C-07-2950 RMW
AEL                        7

law, forum selection clauses will not be enforced if doing so significantly impairs California consumers' substantial legal rights, and the defendant in *Nutracea* did not dispute plaintiff's claim that there were no statutory protections under New York Law similar to California securities legislation. *Id.* at *2. In the present case, however, defendant argues that Georgia law provides similar protections as provided under California law for fraud in securities transactions. *See* Decl. Angela Frazier Supp. Mot. to Dismiss ("Frazier Decl.") ¶ 3, Ex. A (attaching Ga. Code Ann. § 10-5-12). Plaintiff has not shown evidence of substantive differences between Georgia and California law, and therefore has not shown how enforcement of the forum selection clause would violate any California policy set forth in § 25701. *See Gagnon v. Ryerson Inc.,* 2007 WL 473742 (D. Or. 2007) (court upheld forum selection clause set forth in agreement due to "absence of any clear showing" or evidence that Illinois law "provides less protection than Oregon law"; plaintiff "failed to prove that the Noncompete Clause would be enforced any differently in Illinois."). Therefore, the court does not find that the forum selection clause is either void or unreasonable.

### D.   Convenience to the Parties

Plaintiff also contends that the forum selection clause should not be enforced because defendants have extensive ties to California and only limited ties to Georgia, while plaintiff has no significant ties to Georgia other than through its investment in CorMatrix. Opp'n at 5. Even if a forum selection clause is freely bargained for and contravenes no important public policy of the forum, it "may nevertheless be 'unreasonable' and unenforceable if the chosen forum is seriously inconvenient for the trial of the action." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 16 (1972). Such inconvenience "might carry greater weight" in determining whether the forum selection clause is reasonable particularly in a case regarding an agreement between two Americans to resolve their essentially local disputes in a "remote alien forum." *Id.* at 17. However, where it can be said with reasonable assurance that upon entering the contract, the parties to a freely negotiated private international commercial agreement contemplated the claimed inconvenience, "it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable." *Id.* at 16.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE- No. C-07-2950 RMW
AEL                                                          8

Here, neither Georgia nor Delaware is a "remote alien forum" for the parties. *See M/S Bremen*, 407 U.S. at 17. Plaintiff is a corporation organized and existing under the laws of Delaware. Defendant is a corporation with its place of incorporation and principal place of business in Georgia. LaDuca has been to Georgia twice in connection with Duke Advantage business. Opp'n at 5. Defendant filed a complaint on March 14, 2007 against LaDuca and Duke Vascular, a corporation of which LaDuca is the sole or majority shareholder, in Georgia State Court, and LaDuca and Duke Vascular removed the Georgia State Court action to the United States District Court for the Northern District of Georgia.[5]

### E. Conflicting Forum Selection Clauses

Finally, plaintiff argues that the forum clause should not be enforced because conflicting forum selection clauses in the Subscription Agreement and the Stockholders Agreement frustrate the policy of "dispelling any confusion about where suits arising from the contract must be brought and defended." Opp'n at 10. The court finds this contention without merit. Plaintiff's claims for breach of fiduciary duty, fraudulent inducement, breach of contract, accounting, and inspection all appear to relate to the Subscription Agreement, rather than the Stockholders Agreement. Thus, the court will enforce the forum selection clause in the Subscription Agreement.

### F. Transfer

Defendants ask this court to dismiss the action for improper venue, however, if venue is improper in this district, then the court may transfer the case to any district or division in which it could have been brought if it is in the interests of justice. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."). Pursuant to the forum selection clause, the court may transfer this action to the District of Delaware, which the plaintiff indicated at oral argument would be its preference over dismissal of this action.

---

[5] On June 4, 2007, LaDuca and Duke Vascular filed a motion to dismiss the complaint originally filed in Georgia State Court for lack of personal jurisdiction or in the alternative to transfer the action to the Northern District of California. Mot. at 5.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE- No. C-07-2950 RMW
AEL                                                                                    9

### III.  ORDER

For the foregoing reasons, defendants' motion to dismiss for improper venue is granted in part.  The court hereby transfers the action to the District of Delaware.

DATED:     8/22/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Christian N Brown         cbrown@orrick.com
I. Neel Chatterjee        nchatterjee@orrick.com
James Neil Kramer         jkramer@orrick.com

**Counsel for Defendants:**

Simone Marie Katz         skatz@sflaw.com
Robert E. Schaberg        rschaberg@sflaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   8/22/07                              /s/ MAG
                                            **Chambers of Judge Whyte**

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE- No. C-07-2950 RMW
AEL                                        11